**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ENRIQUE CARRILLO-GARCIA,**

      **Petitioner,**                   **CASE NO. 2:08-CV-734**
                                         **CRIM. NO. 2:06-CR-271**
**v.**                                 **JUDGE MARBLEY**
                                       **MAGISTRATE JUDGE DEAVERS**

**UNITED STATES OF AMERICA,**

      **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. This matter is before the Court on Petitioner's motion, Respondent's Return of Writ, Petitioner's Traverse, Respondent's Supplemental Response, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## FACTS and PROCEDURAL HISTORY

Petitioner's underlying criminal conviction on conspiracy to distribute over 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii)**,** is the result of his May 23, 2007 guilty plea pursuant to the terms of a negotiated plea agreement. On January 17, 2008, the Court sentenced Petitioner to sixty months incarceration plus five years supervised release. Doc. No. 132. He did not file an appeal.

On July 28, 2008, Petitioner filed the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner asserts that he was denied effective assistance of counsel because his attorney did not delay his federal sentencing hearing until after sentencing on state criminal charges, such that he would be sentenced under the benefit of U.S.S.G. § 5G1.3,

Application Notes 3 and 4. In short, Petitioner complains that, but for the ineffective assistance of counsel, he would have received credit for time served in State custody on his State sentence when he was sentenced on the federal charges. He alleges that his attorney led him to believe this would be the case.

It is the position of the Respondent that this claim is without merit.

## MERITS

As discussed, in his sole claim for federal habeas corpus relief, Petitioner asserts that he was denied effective assistance of counsel because his attorney failed to postpone his sentencing hearing to ensure that he would receive credit for time served on his related State-court conviction. Petitioner further alleges that his attorney misled him to believe that he would receive credit in his federal sentence for time served on state criminal charges involving a related offense, and that he was "tricked into thinking that" his sentence would run concurrently to all previous time served in State custody. *See Petitioner's Reply*, Doc. No. 144.

Petitioner was arrested in late November 2006 on State charges of possession of between 5,000 and 20,000 grams of marijuana, a third degree felony, and possession of 20,000 grams or more of marijuana, a second degree felony, in violation of Ohio Revised Code § 2925.11. These underlying criminal charges allegedly took place "on or about the 28th day of June . . . 2004." *See Exhibits 2, 3 to Supplemental Return of Writ.* On November 5, 2007, Petitioner pleaded guilty in the Franklin County Court of Common Pleas to the lesser charge of possession of marijuana. The trial court sentenced him pursuant to the joint recommendation of the parties to four years incarceration, such sentence to be served concurrently to his sentence in this federal case. *See id.* On March 10, 2008, the trial court again held a sentencing hearing, and sentenced Petitioner

2

pursuant to the joint recommendation of the parties to a reduced sentence of one year incarceration, such sentence to be served concurrently to his federal sentence in this case.[1] *See id.*

The underlying criminal charges at issue in these proceedings involve conspiracy to possess with intent to distribute over 100 kilograms of marijuana on or about October 20, 2006. *Superseding Indictment*, Doc. No. 32. On May 23, 2007, Petitioner pleaded guilty pursuant to the terms of his negotiated guilty plea. On October 25, 2007, in a judgment entry filed on January 17, 2008, the District Court sentenced petitioner to sixty months incarceration. *See* Doc. Nos. 86, 132*; PreSentence Investigation Report; Return of Writ*, at 2.

Respondent has submitted an affidavit from defense counsel, Attorney Greggory D. Slemmer, which indicates in relevant part as follows:

> I . . . have fifteen (15) years' experience practicing criminal law.
>
> I represented Enrique Carrillo-Garcia both in the above referenced criminal case and in Case No. 04CR-07-4516 in Franklin County Court of Common Pleas where he was indicted for possession of between 5,000 and 20,000 grams of marijuana (Count 1), a felony of the third degree, and possession of 20,000 grams or more of marijuana (Count 2), a felony of the second degree. These crimes allegedly occurred in June of 2004, whereas the crimes charged in the above captioned Federal case occurred in October and November of 2006.
>
> Enrique Carrillo-Garcia was arrested on the State charges in late November 2006 and the Federal Indictment was returned less than three weeks later while he was in State custody.

---

[1] Defense counsel indicates that Petitioner pleaded guilty in the Franklin County Court of Pleas on November 5, 2007, and was sentenced on March 10, 2008; *see Affidavit of Greggory D. Slemmer*, at ¶ 7. However, the *Judgment Entry and Agreed Amended Judgment Entry of Sentence* indicate that Petitioner initially was sentenced on November 5, 2007, to four years incarceration, but that sentence was reduced pursuant to the agreement of the parties to one year incarceration on March 10, 2008. *See Exhibit 4 to Supplemental Return of Writ*.

3

Under State law, if convicted of a second degree felony (Count 2), Enrique Carrillo-Garcia could have been sentenced to a prison term of two [to] eight years.  If convicted of a third degree felony (Count 1), he could have been sentenced to serve one [to] five years.  Ohio Revised Code § 2929.14(A).

In [this] Federal case, Enrique Carrillo-Garcia faced a potential minimum sentence of 5 years in prison, and a maximum of 40 years, for having participated in a conspiracy to distribute marijuana.

Proceedings in both the State and Federal cases occurred during the same time period, while Enrique Carrillo-Garcia was in State custody, and one of my goals was to achieve concurrent sentences for my client.

In the Federal Case, Enrique Carrillo-Garcia was sentenced on October 25, 2007, to 5 years in prison.  In the State case, I was able to negotiate a plea of guilty to Count 1, the third degree felony, which was the lesser of the two crimes charged, which plea of guilty was entered on November 5, 2007.  Thereafter, on March 10, 2008, Enrique Carrillo-Garcia was sentenced in the State case to 365 days (one year) in jail, concurrent with the Federal sentence.  However, Enrique Carrillo-Garcia had already served the 365 days in State custody during the pendency of that case and was unable to receive concurrent time and he was not placed in Federal Custody to begin serving the five year Federal sentence until after the State sentence had been imposed.

My client, Enrique Carrillo-Garcia, never received the benefit of a "concurrent" sentence, and instead of serving five (5) years, which was my goal, he will serve six (6) years, which is considerably less time than he had been facing.

*Affidavit of Greggory D. Slemmer, Exhibit 1 to Supplemental Return of Writ  ¶¶1-8.*

Petitioner argues that, but for the ineffective assistance of counsel, he would be serving only four years incarceration, due to the one year he served in State custody on State charges, rather than 60 months incarceration, and that his attorney misled him to believe that he would receive credit for time served on his State sentence on his federal charge.  The record fails to support his allegations.

Petitioner, in effect, contends that, but for the ineffective legal representation, he would not

4

have entered into a plea agreement with the government.  A prisoner may challenge the entry of a plea of guilty on the basis that counsel's ineffectiveness prevented the plea from being knowing and voluntary. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), applies to challenges to guilty pleas based on a claim of ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Sparks v. Sowders*, 852 F.2d 882, 884 (6th Cir. 1988).  In order to obtain relief, a prisoner raising such a claim must first show that counsel's advice was not within the range of competence demanded of attorneys in criminal cases. *Hill,* 474 U.S. at 59; *Sparks*, 852 F.2d at 884.

> The second, or "prejudice" requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill,* 474 U.S. at 59; *Sparks*, 852 F.2d at 884. Petitioner has failed to meet this standard here.  He has failed to demonstrate that the outcome of his case would have been materially different had his counsel engaged in a different plea strategy.  Indeed, as a result of his plea, Petitioner will serve only six years in prison when he faced up to forty on the federal charge alone.

Petitioner has failed to establish that, but for the ineffective assistance of counsel, he would not have entered a guilty plea, but would have proceeded to trial.  Defense counsel was successful in obtaining a guilty plea agreement that substantially reduced Petitioner's sentencing exposure, and ultimately resulted in him being sentenced to the mandatory minimum term of incarceration required for his offense of conviction.  Nothing in the record reflects that the government would have been unable to prove the charges against Petitioner.  Although it is unclear from the record whether

petitioner was actually sentenced before, or after he was sentenced in State court, *see infra, note 1*, regardless, the record fails to support Petitioner's argument that he was entitled to credit on his federal sentence for the one year served in State custody under the United States Sentencing Guidelines.

U.S.S.G.§ 5G1.3 provides:

> Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment
>
> (a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.
>
> (b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1 B 1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:
>
> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.
>
> (c) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

*Id.* Application Note 2(D) gives an example of how the provision of 5G1.3(b) is applied:

> (D) Example.-The following is an example in which subsection (b)

6

applies and an adjustment to the sentence is appropriate:

> The defendant is convicted of a federal offense charging the sale of 40 grams of cocaine. Under § 1B1.3, the defendant is held accountable for the sale of an additional 15 grams of cocaine, an offense for which the defendant has been convicted and sentenced in state court. The defendant received a nine-month sentence of imprisonment for the state offense and has served six months on that sentence at the time of sentencing on the instant federal offense. The guideline range applicable to the defendant is 12-18 months (Chapter Two offense level of level 16 for sale of 55 grams of cocaine; 3 level reduction for acceptance of responsibility; final offense level of level 13; Criminal History Category I). The court determines that a sentence of 13 months provides the appropriate total punishment. Because the defendant has already served six months on the related state charge as of the date of sentencing on the instant federal offense, a sentence of seven months, imposed to run concurrently with the three months remaining on the defendant's state sentence, achieves this result.

Additionally, 18 U.S.C. § 3585(b) provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). None of the foregoing provisions apply here. Further, the transcript of Petitioner's sentencing hearing does not indicate any mention was made regarding Petitioner's State court conviction on possession of marijuana, nor does this appear as a pending charge or conviction in Petitioner's prior criminal history on the PreSentence Investigation Report. *See PreSentence Investigation Report*, at ¶¶46-49.

Additionally, the record demonstrates that Petitioner effectively waived his constitutional rights and knowingly and voluntarily entered into the plea agreement.  Because a criminal defendant waives numerous constitutional rights when he enters a plea of guilty, any plea must be entered into knowingly and voluntarily in order to be constitutionally valid. *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). " 'The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." ' *Sparks v. Sowders*, 852 F.2d 882, 885 (6th Cir.1988)(quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). In applying this standard, the court must look at the totality of circumstances surrounding the plea. *Id.* A criminal defendant's solemn declaration of guilt carries a presumption of truthfulness. *Henderson v. Morgan*, 426 U.S. 637, 648 (1976).

A criminal defendant cannot successfully challenge the voluntariness of his or her plea simply because the government is responsible for some of the factors motivating him or her to plead. *Brady v. United States*, 397 U.S. 742, 750 (1970). However, the prosecutor must keep any promises he or she made in the plea agreement. *Bordenkircher v. Hayes*, 434 U.S. 357, 362 (1978). When a prisoner challenges his guilty plea on the basis that it was induced by an unkept promise, the Court must determine whether the allegation, when viewed against the record of the plea hearing, is so palpably incredible, so patently frivolous or false, as to warrant a summary dismissal. *Blackledge v. Allison,* 431 U.S. 63, 76 (1977).  In applying this standard, the Court will indulge a strong presumption that statements made by the parties at the plea hearing were truthful. *Id.* at 74.

Here, pursuant to the terms of his negotiated guilty plea agreement, Petitioner indicated that he understood he faced a mandatory minimum term of five years incarceration, and up to 40 years imprisonment.  *Plea Agreement*, Doc. No. 86.  The parties agreed that the amount of relevant

conduct under U.S.S.G. § 1B1.3 and § 2D1.1(c), was over 100 kilograms of marijuana, for a base offense level of 26; that Petitioner had timely accepted responsibility, entitling him to a two level reduction in his base offense level, and that he had timely notified authorities of his intent to plead guilty, which entitled him to an additional one level reduction in his recommended sentence under the United States Sentencing Guidelines. *See id; PreSentence Investigation Report*, ¶¶ 37, 43, 44.

At the time of his guilty plea, Petitioner indicated he had discussed the charges against him and any possible defenses with his attorney, and that he wanted to plead guilty. *Guilty Plea Transcript*, at 5. He had discussed with counsel the maximum sentence he faced. *Id*. at 6. He had told his attorney everything he knew about the case, and believed that counsel was fully informed about the facts and circumstances of the charges. Defense counsel had fully advised him on the nature and meaning of the charges as well as any defenses he may have had. He was satisfied with his attorney's advice and representation. *Id.* at 13. The District Court advised Petitioner of the elements of the offense charged. *Id*. at 14-15. Petitioner indicated that he understood he faced a maximum term of 40 years imprisonment, and that the Court could impose the maximum penalty or the same penalty as though he had been convicted after a jury trial. *Id*. at 17. The District Court advised Petitioner of all of the rights he was waiving by virtue of his guilty plea, and Petitioner at all times indicated that he understood. *Id*. at 20-22. The prosecutor recited the terms of Petitioner's plea agreement, and Petitioner acknowledged that the terms were those to which he agreed. *Id*. at 22-24. Petitioner indicated that no other promises had been made to induce his guilty plea. *Id*. at 25.[2]

---

[2] COURT: Gentlemen, has anyone made any other or different promise of any kind that induced you to plead guilty?

> COURT: [A]side from the plea agreement which we have just discussed, has any person, including an agent or any of the lawyers in this case, promised or even suggested that you will receive a lighter sentence or some other form of leniency in return for your plea of guilty?
>
> DEFENDANT CARRILLO-GARCIA: No.

*Id.*, at 25-26. Special Agent Flynn summarized the facts of the case in relevant part as follows:

> On or about October 20, 2006, Enrique Carrillo-Garcia paid another coconspirator, Artis Lee Everman, for the use of a barn located at 2485 Watkins Road, Columbus, Ohio, to unload and distribute multi-hundred pounds of marijuana that were transported to Ohio by truck.
>
> ***
>
> On October 26, 2006, defendant Carrillo-Garcia made arrangements with others to sell marijuana from a substantial shipment he said was expected to arrive in Central Ohio within the next several days.
>
> On that same day, Carrillo-Garcia received a controlled partial payment from a confidential source in the amount of $4,300 for a previous marijuana transaction.

*Id.* at 27-28. Petitioner indicated that these facts were true and admitted that he was in fact guilty of the charge. *Id.* at 29. At sentencing, Petitioner indicated that he had reviewed the PreSentence Investigation Report with counsel, and he understood it. *Sentencing Transcript*, at 3. Defense counsel objected to the four level increase in Petitioner's recommended sentence for acting as the organizer or leader of the drug conspiracy, *see PreSentence Investigation Report*, at ¶40; *Sentencing Transcript*, at 4-17, and was successful in persuading the District Court to increase his recommended

---

> DEFENDANT CARRILLO-CARCIA: No.

*Id.* at 25.

10

sentence by three, rather than four levels. *Id*. at 20.  This resulted in a recommended sentence of 70 to 87 months incarceration.[3]  *Id.* at 21-22.   The District Court nonetheless sentenced Petitioner below the recommended guideline range, to the minimum mandatory term of 60 months incarceration.  *Sentencing Transcript,* at 25; Doc. No. 132.

Petitioner's allegation that defense counsel led him to believe that he would receive a shorter sentence due to time served in State custody is belied by his statements during his guilty plea to the contrary, and because no mention of such agreement was referred to by any of the parties at the time of sentencing.  Nor did Petitioner refer to such agreement when asked by the Court if he had any remarks prior to sentencing.  He indicated only:

> I just want to say sorry for everything and I'm asking for clemency.
> I am very sorry for everything that's happened.
>
> COURT: Is there anything further, Mr. Carrillo-Garcia?
>
> DEFENDANT: No, that's all.

*Sentencing Transcript*, at 24.  After the sentence was announced, defense counsel had no objections. Petitioner (through counsel) indicated that he did not wish the clerk's office to file a notice of appeal on his behalf.  *Id.* at 26-27.

> [T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

---

[3]  The probation officer had concluded that Petitioner's recommended sentence under the United States Sentencing Guidelines was 78-97 months, and recommended 78 months incarceration.  *See PreSentence Investigation Report.*

*Blackledge v. Allison,* 431 U.S. at 74.  Petitioner has failed to overcome the presumption that the representations he and his counsel made at the plea hearing were anything but true.  His claim for ineffective assistance on this basis, therefore, is subject to dismissal.

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation,* that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision,

12

they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

_s/ Elizabeth A. Preston Deavers_
Elizabeth A. Preston Deavers
United States Magistrate Judge

Date:   January 10, 2011